IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

SHELIA MARIAH BOLAR

              Plaintiff,

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG -7 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

v.

CIVIL INDEX NO. _____
JURY TRIAL DEMANDED

SHAUN L. HARRIS; K.E. DEAN, (First Name Unknown); IAIN MACGOWAN; DARRYL KITCHEN; DEKALB COUNTY 911 EMERGENCY SERVICE; D. FONSECA; DEKALB COUNTY POLICE DEPARTMENT; ATLANTA POLICE DEPARTMENT, Atlanta, Georgia; GEORGE TURNER; DEKALB COUNTY, GEORGIA; DEKALB COUNTY SHERIFF'S OFFICE; JEFFREY MANN; H.N. WILLIAMS; JAMES W. CONROY; J. EISNER; J. LEWIS; HAMPTON VILLAGE APARTMENTS; CEDRIC L. ALEXANDER; FULTON COUNTY, GEORGIA SHERIFF'S OFFICE; E.L. JONES; FEDERAL BUREAU OF INVESTIGATION; GEORGIA BUREAU OF INVESTIGATION; VERNON KEENAN; AIR FORCE OFFICE OF SPECIAL INVESTIGATIONS; U. S. DEPARTMENT OF VETERANS AFFAIRS; GEORGIA STATE LOTTERY DEPARTMENT; ROBERT JAMES; FULTON COUNTY, GEORGIA; PAUL HOWARD; A.B. CATLIN; WILLIE MCCLELLAND; C. YARBRO; SUPERIOR COURT, DEKALB COUNTY, GEORGIA; SUPERIOR COURT, FULTON COUNTY, GEORGIA; PROBATE COURT, DEKALB COUNTY, GEORGIA; PROBATE COURT, FULTON COUNTY, GEORGIA; EAST PARK ON PONCE APARTMENTS, LLC; VERIZON WIRELESS, INC.; GOOGLE INC.; YAHOO INC.; FACEBOOK INC.; COX COMMUNICATIONS, INC.; COMCAST INC.; FULTON COUNTY, GEORGIA PUBLIC LIBRARIES; GMX; ZOHO CORPORATION; GEORGIA STATE LOTTERY DEPARTMENT; GOOGLE; TWITTER; INSTAGRAM; VERIZON INC.; DEKALB COUNTY, GEORGIA PUBLIC LIBRARIES; FEDERAL EXPRESS, INC.; UNITED PARCEL SERVICE, INC.; FEDERAL BUREAU OF INVESTIGATION; POSTMASTER GENERAL OF THE UNITED STATES; UNITED STATES POSTAL SERVICE; DOES 1-50, inclusive,

              Defendants.

## PRELIMINARY STATEMENT

1.  COMES NOW Plaintiff Shelia Mariah Bolar, Pro Se, through and by herself, bringing this complaint and civil action for compensatory and punitive damages and for injunctive

relief and declaratory judgment against defendants for unlawful and wrongful arrest, **inside Plaintiff's apartment**, without probable cause, for no lawful purpose, for improper use of and abuse of process, for excessive use of force in making said arrest (including but not limited to placing Plaintiff in fear for her life and safety, resulting in Plaintiff suffering multiple coronary artery spasms, for which Plaintiff is diagnosed and prescribed medications) without a **lawful warrant** or **order** having been issued by a court of competent jurisdiction, for a pattern of harassment, for orchestrating, aiding, abetting and facilitating the drugging and rape of Plaintiff inside her apartment in Stone Mountain, for a pattern of false imprisonment, malicious prosecution and for kidnapping.

2. Plaintiff further alleges upon personal knowledge and belief, as to all other matters and as for such allegations, Plaintiff believes substantial evidence and evidentiary support exists or will exist, after a reasonable opportunity for further investigation, inquiry and discovery.

## RELIEF SOUGHT

3. Relief from this court is sought such that this court would immediately issue an emergency temporary restraining order, against all Defendants, prohibiting them from issuing and/or acting on any addition arrest warrants, including but not limited to bench warrants, pending hearing on Plaintiff's motion for permanent injunction and declaratory judgment, against Defendants and a host of co-conspirators, whose full names Plaintiff does not yet know.

4. Relief from this court is also sought pursuant to the civil, constitutional and other statutory rights accorded to Plaintiff in Article I, Section I, Paragraphs I-IX, XI-XIV, XVII-XIX and XXII-XXIII, and Article II, Section I, Paragraphs I-III of the Bill of Rights of the Georgia State Constitution and in §§ 16-5-46 (1)(A) and (2)(A) and 16-6-1 (A)(1) of the Georgia Code.

5. Relief from this court is further sought, pursuant of the civil, constitutional and other statutory rights accorded to Plaintiff in 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the

Stored Communications Act; 18 U.S.C. §§ 1962 (a)-(d), 1964 (a)-(d) and 1965 (a)-(d) of the Racketeering Influenced Corrupt Organizations Act of 1970; 18 U.S.C. §§ 1581 (a)-(b) and 1584; 22 U.S.C. § 7102 (1), (6), (14)-(15); 50 U.S.C. § 1828 (1)-(3) of the Foreign Intelligence Surveillance Act (FISA); 17 U.S.C. §§ 106-122, 501-506 and 511 of the U. S. Copyright Act; 28 U.S.C. § 1338; Section 504 of the Rehabilitation Act of 1973; and of the rights secured in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution, as said rights are secured by said Federal and State statutes, constitutions and rules.

## NATURE OF ACTION

6.   This is a civil action under said State and Federal statutes and rules, and under said State and Federal constitutions, as indicated in the preceding paragraphs, whereby Plaintiff seeks said declaratory judgment and permanent injunctive relief.

## OTHER RELIEF SOUGHT

7.   Relief from this court is sought pursuant to Rule 34 Fed. R. Civ. P., such that Defendant law enforcement agencies are ordered, by this court, to disclose to and produce for Plaintiff, at this court for inspection and copying, on a date and at a time set forth by this court, any and all un-redacted and un-edited documents related to Plaintiff's arrest, on the morning of February 5, 2016, including but not limited to any and all un-redacted and un-edited arrest warrants, as well as any and all search warrants, subpoenas and related orders, issued by any courts of law, relative to Plaintiff's arrest, on said date.

8.   Relief from this court is further sought pursuant to Rule 34 Fed. R. Civ. P., such that Defendant law enforcement agencies are ordered, by this court, to disclose to and produce for Plaintiff, at this court for inspection and copying, on a date and at a time set forth by this court, any and all un-redacted and un-edited search warrants, subpoenas and the like (including but not limited to any

and all electronically stored information) issued by Defendant State Superior Court of Dekalb County, Georgia and/or Defendant State Superior Court of Fulton County and/or by Defendant Probate Courts of Dekalb and/or Fulton Counties, Georgia and/or by any other court(s) of law, related to Plaintiff being placed under around-the-clock surveillance, in and outside of Plaintiff's apartment, at 1900 Tree Mountain Parkway, #6801, Stone Mountain, Georgia, from the period April 29, 2015 until February 29, 2016, when Plaintiff relocated from Stone Mountain, Georgia to Omaha, Nebraska, out of concern for Plaintiff's life, safety and security and for Plaintiff to free herself from said un-relenting harassment, malice, abuse, false imprisonment and stalking from said Defendants and their numerous co-conspirators.

9. Plaintiff further requests relief from this court, pursuant to Rule 34 Fed. R. Civ. P., such that Defendant law enforcement agencies, Defendant county prosecutors, Defendant Google, Defendant Facebook, and Defendants Verizon Wireless, Inc., Dekalb County, Georgia Public Libraries, Fulton County, Georgia Public Libraries are all ordered by this court, to produce for and disclose to Plaintiff, at this court, on a day and at a time set by this court, for copying and inspection, any and all un-redacted and un-edited documents, including but not limited to any and all court orders, search warrants, subpoenas, wiretapping warrants and trap and trace and ping orders, issued by Defendants State Superior Courts of Dekalb and/or Fulton Counties, Georgia and/or by Defendants Probate Courts of Dekalb and/or Fulton Counties, Georgia and/or by any other court(s) of law; instructing Defendants Verizon Wireless, Google and Facebook to grant access to Defendant law enforcement agencies to Plaintiff's cellphone activities (including but not limited to any outgoing and incoming conversations, text messages, emails, social media accounts and the like), and grant access to said Defendant law enforcement agencies and Defendant prosecutors to said computers at said public libraries and at Defendants Federal Express, Inc. and United Parcel Service, Inc., every single time Plaintiff accessed a computer at said corporations and at said public libraries in Dekalb and Fulton Counties, from the period March 19, 2015 until February 29, 2016, when Plaintiff relocated from Stone Mountain, Georgia to Omaha, Nebraska.

10. Plaintiff also requests relief from this court, pursuant to Rule 34 Fed. R. Civ. P., such that Defendant law enforcement agencies and Defendant prosecutors James and Howard are ordered by this court, to produce for and disclose to Plaintiff, on a day and at a time set by this court, for copying and inspection, any and all un-redacted and un-edited related affidavits, letters, police reports, criminal complaints, witness statements and any and all other documents, including those which are stored electronically, which formed the basis for said search warrants, wiretapping, court orders and/or subpoenas that were issued, upon information and belief, by said Defendant State Superior Courts of Dekalb and/or Fulton Counties and by Defendant Probate Courts of Fulton and/or Dekalb Counties, Georgia, including, as well, all related un-redacted and un-edited writings, notes, drawings, graphs, court orders, court rulings, judgments, court records, criminal complaints, interrogatories, depositions, any and all legal briefs, motions, charts, stipulations, related letters, photographs, sound and audio recordings, images, video tapes, court transcripts, amicus curiae briefs and/or affidavits in support of the issuance of such warrants, subpoenas, orders and wiretappings, any and all related notes for any and all such un-redacted documents and electronically stored information and other data or data compilations from said Defendant State Superior Courts of Dekalb and/or Fulton Counties of Georgia, Defendant Probate Courts of Dekalb and/or Fulton Counties, Georgia any other court(s) in Georgia and any courts from any other U S State, that was obtained by Defendant Superior Courts - stored in any medium from which such information can be obtained and/or in which such information is ordinarily maintained, either directly or, if necessary, after translation by the responding party into a reasonably usable platform - that are relative and/or central to Plaintiff's instant complaint against Defendants.

11. Plaintiff further requests relief from this court, pursuant to Rule 34 Fed. R. Civ. P., such that Defendant law enforcement agencies, Defendant prosecutors James and Howard and Defendants Google, GMX, Yahoo, Zoho Corporation, Facebook, Twitter, Instagram, Microsoft Network Inc., American Telegraph and Telephone (hereinafter "AT&T"), Cox Communications and Comcast Inc. are ordered, by this court, to produce for and disclose to, at this court, on a day and at a time set by this court, for copying and inspection, any and all un-redacted and un-edited documents, including

but not limited to any and all court orders, search warrants, wiretapping warrants, ping and trace and trap orders, subpoenas and the like, issued by Defendant State Superior Court of Dekalb and/or Fulton Counties, Georgia and by Defendant Probate Courts of Dekalb and/or Fulton Counties, Georgia and by any other court of law, to Defendant law enforcement and prosecutorial agencies instructing them to grant access to said Defendant law enforcement and prosecutorial agencies to Plaintiff's email, cellphone and/or social media activities, involving Plaintiff's cellphone, email and/or social media accounts, that were services by and/or provided to Plaintiff, prior to and including the period during and after March 18, 2015 until the filing of this instant complaint.

12. Relief from this court is equally sought, from Defendant Superior State Courts of Dekalb and/or Fulton Counties, Georgia and from Defendants Probate Courts of Dekalb and/or Fulton Counties, Georgia, such that said Superior State Courts and County Probate Courts, pursuant to Rule 34 Fed. R. Civ. P., are ordered by this court to produce for and disclose to Plaintiff, on a date and at a time set by this court, for inspection and copying any and all un-redacted and un-edited documents and electronically stored information related to the issuance of any and all orders, search warrants, stipulations, related subpoenas and the like, including but not limited to the filing, with said courts, of any and all police reports, criminal complaints, petitions, motions, affidavits, stipulations, letters, letters of National Security that were provided to Defendants State Superior Courts of Dekalb and/or Fulton Counties, Georgia and/or to County Probate Courts of Fulton and/or Dekalb Counties, Georgia, un-redacted and un-edited transcripts of any given testimony, related notes of all and the like, that formed the basis for such orders, search warrants, subpoenas, wiretappings, monitoring, surveillance and the like being issued to said Defendant law enforcement agency, Atlanta Police Department, Defendant Fulton County Sheriff's Office and said Defendant prosecutor, Paul Howard, from March 19, 2015 until May 22, 2015, including and involving Plaintiff being placed under around-the-clock surveillance at City of Refuge Homeless Shelter, in the City of Atlanta, and from April 29, 2015 until February 29, 2016, during the period when Plaintiff's apartment, where Plaintiff was a lawful tenant, at said premises at 1900 Tree Mountain Parkway, #6801, Stone Mountain, Georgia, was placed and kept under around-the-clock surveillance.

13. Relief from this court is concurrently sought, pursuant to Rule 34 Fed. R. Civ. P., such that Defendant Georgia State Lottery Department is ordered by this court, to produce for and disclose to Plaintiff, at this court, for copying and inspection, on a date and at a time set by this court, any and all un-redacted and un-edited documents and electronically stored information, related to several lottery tickets, including but not limited to at least one **megamillions** lottery ticket, that Plaintiff had purchased with her **own** monies for **herself**, between June 29, 2015 and July 20, 2015, which were stolen from Plaintiff's apartment during an unlawful entry and burglary, between June 29, 2015 and July 20, 2015, by **Printeena Miller** (a former Georgia State employee) and by **Joseph Stoggill** (who then both resided in apartment 6802 (directly next door to Plaintiff) at Defendant Hampton Village Apartments, in Stone Mountain, Georgia)) who, upon information and belief, acted in concert and participation with "Girard" (aka "Jirard," who then resided in apartment #6804, directly above Plaintiff's apartment) in furtherance of said ongoing racketeering scheme and criminal conspiracy, involving tens of billions of dollars which originated in New York City but has crossed multiple U S States lines (including but not limited to the State of Georgia) and multiple national and international boundaries, and as a favor to said Defendant law enforcement agencies and a host of co-conspirators; and who, without Plaintiff's consent, foreknowledge or permission, signed and cashed said lottery ticket(s) during the samesaid period and, upon information and belief, shared the proceeds, from said stolen lottery ticket(s), by their own boastings and admissions, with said Defendant law enforcement agencies, in violation of Georgia Code §§ 16-8-2, 16-8-7 (a), 16-8-40 (1), 16-4-4 (a), 16-5-41(a)-(c)(1)-(2), 16-5-42, 16-5-46, 16-4-8 and of the civil, constitutional and other statutory rights accorded to Plaintiff in 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and in 18 U.S.C. §§ 1962 (a)-(d), 1964 (a)-(d) and 1965 (a)-(d) and of the rights secured in the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments.

14. Relief from this court is also sought, pursuant to Rule 34 Fed. R. Civ. P., such that Defendant Superior State Courts, Defendant Probate Courts and Defendant prosecutors, James and Howard, are ordered, by this court, to produce, at this court, on a date and at a time set by this court, copies of any and all un-redacted and un-edited video footage,

images, photographs, sound and audio recordings and the
like, as well as any and all un-redacted and un-edited
related notes, from said surveillance which, as Plaintiff
has already established, occurred inside and around the
immediate areas outside of Plaintiff's ground floor
apartment, at Defendant Hampton Village Apartments (whose
name was later changed to East Park on Ponce Apartments, in
November 2015), at 1900 Tree Mountain Parkway, #6801, Stone
Mountain, Georgia 30083, from April 1, 2015 until June 30,
2016.

15. Relief from this court is also sought, pursuant to Rule 34
    Fed. R. Civ. P., such that Defendant law enforcement
    agencies, Defendant Superior State Courts and Defendant
    prosecutors, James and Howard, are ordered, by this court,
    to disclose to and produce for Plaintiff, at this court, on
    a date and at a time set by this court, for copying and
    inspection, the names of all of the individuals,
    organizations and agencies that were given access, during
    the period in question, as indicated in pp. 14, to the
    real-time recording, real time display and/or stored video
    footage access, images, photos, sound and audio recordings
    and the like, that were generated from the wireless hidden
    video cameras and any and all other surveillance and
    eavesdropping devices, that were, upon information and
    belief, installed throughout Plaintiff's apartment at
    Hampton Village Apartments at 1900 Tree Mountain Parkway,
    #6801, Stone Mountain, Georgia 30083.

16. Relief from this court is also sought, pursuant to Rule 34
    Fed. R. Civ. P., such that Defendant Probate Courts of
    DeKalb and/or Fulton Counties are ordered, by this court,
    to produce for and disclose to Plaintiff, at this court, on
    a date and at a time set by this court, for inspection and
    copying, any and all un-redacted and un-edited related
    affidavits, letters, police reports, medical reports,
    witness statements, criminal complaints, and any and all
    other documents, including those which are stored
    electronically, which formed the basis for said warrants,
    wiretappings, orders and subpoenas that were issued by said
    Defendant Probate Courts, and all other un-redacted and un-
    edited documents including but not limited to notes,
    graphs, drawings, court records (both from courts in and
    outside of the State of Georgia), any and all criminal
    complaints, interrogatories, depositions, any and all legal

briefs, motions, charts, stipulations, related letters, photographs, sound and audio recordings, images, video tapes, CDs, cassette tapes, court transcripts and amicus curiae briefs in support of the issuance of any related warrants, subpoenas, orders and wiretappings, any and all related notes for any and all such un-redacted and un-edited documents and electronically stored information and other data or data compilations - stored in any medium from which such information can be obtained and/or in which such information is ordinarily maintained, either directly or, if necessary, after translation by the responding party into a reasonably usable platform - that are relative and/or central to any application that were filed with said Probate courts, by any of the Defendants and/or any member of Plaintiff's family, in conjunction with Plaintiff being placed under surveillance inside her apartment and/or being assigned a guardian or conservator, without Plaintiff's consent, permission or foreknowledge and without due process of law, over any monies belonging to Plaintiff, by said Probate Courts, that were ordered set aside, SOLELY, LAWFULLY AND RIGHTFULLY for Plaintiff, by federal courts in New York, as restitution and compensatory and punitive damages, from more than one racketeering trial that is related to said ongoing racketeering scheme and criminal conspiracy.

17. Plaintiff in seeking said relief, contends and alleges, thereon, that an actual controversy exists between Plaintiff and Defendants, in that the challenged actions of Defendants have caused and will continue to cause Plaintiff serious, substantial and significant harm, unless Plaintiff's requests for relief, from this court, are granted, in a manner consistent with the Federal Rules of Civil Procedure and Federal and State laws.

18. In that Defendants' actions including, but not limited to, the warrantless wrongful and unlawful arrest of Plaintiff, on the morning of February 5, 2016, who was then an official lawful candidate (**FEC Presidential ID No. P60005550**) for the 2016 U S Presidential Election, in furtherance of said ongoing racketeering scheme and criminal conspiracy of which Plaintiff was and still is a crime victim and a complaining witness, amounting to outright fraud and abuse of process, were executed in furtherance of said ongoing racketeering scheme and criminal conspiracy, in retaliation for Plaintiff having obtained permission from "Lydia," the

secretary of the Chief Judge of this Court, Honorable Thomas Thrash, to send him a letter regarding said Hatch Act interference with said 2016 Presidential campaign in conjunction with filing a related lawsuit and in an effort to defeat Plaintiff's candidacy and in retaliation and punishment for Plaintiff complaining, to the U S Office of Special Counsel and to U S Department of Justice Attorneys, about said criminal activities and violations of Plaintiff's rights; Plaintiff is hopeful that this court will also refer this matter to the United States Attorney's Office, Northern District of Georgia, for prosecutive merit and potential criminal prosecution.

19. Plaintiff further ask that due process of law be granted by this court, along with all other relief, as this court deems appropriate.

## JURISDICTION

20. This is a federal question case involving multiple persons and multiple agencies, a number of which are based in the Northern District of Georgia. Thus this court has pendent jurisdiction over said federal claims, and Plaintiff, a natural born citizen of the United States and resident of Georgia, during all relevant times, brings this suit at law pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and pursuant to 42 U.S.C. § 1983, 18 U.S.C. §§ 1962 (a)-(d), 1964 (a)-(d) and 1965 (a)-(d) (CIVIL RICO) 17 U.S.C. §§ 106-122 and 501-506 and 511, 28 U.S.C. § 1338 and to the rights secured in said federal and state constitution, as indicated in the preceding paragraphs, against Defendants for deprivations, abuses and violations, under color of law and the color of their collective authorities, of Plaintiff's civil, constitutional and other statutory rights, in furtherance of said ongoing racketeering scheme and criminal conspiracy.

21. This court also has supplemental jurisdiction over Plaintiff's state law claims, under 28 U.S.C. § 1367, as these claims are intricately related and intertwined with Plaintiff's Section 1983 and Civil RICO claims and form part of the same controversy.

22. The injunctive relief and declaratory judgment, which is sought by Plaintiff, is authorized by 28 U.S.C. §§ 2201 and 2202, as well as by Fed. R. Civ. P. Rule 57.

## VENUE

23. Venue is properly laid in the District of Georgia pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and 1391, in that a substantial portion of the acts, omissions and events, that give rise to and form the basis for said claims, in this instant complaint, have occurred in this judicial district and arose from the Defendants' continuous aiding, abetting and facilitation of said crimes, including but not limited to willful and intentional criminal fraud including but it not limited to Plaintiff's unlawful, warrantless and wrongful arrest, inside Plaintiff's apartment, on the morning of February 5, 2016, in furtherance of said ongoing racketeering scheme and criminal conspiracy.

24. Plaintiff, who is also an honorably discharged, decorated, service-connected disabled African American female veteran of the United States Air Force, a non-paid trusted and respected registered lobbyist and advocate before both Houses of the U S Congress on behalf of disabled veterans, a former New York University undergrad and a prospective law student (having been recruited by New York University, Harvard, Yale, Columbia, Georgetown, UC-Davis and other reputable Schools of Law) is also informed, believes and thereon alleges, that the remaining defendants and their co-conspirators took their guidance, directions and/or instructions from said Defendant law enforcement agencies and prosecutors, who reside in and/or work in this district, in deliberately and intentionally orchestrating the series of events that led up to and including Plaintiff being wrongfully arrested and charged with a misdemeanor crime that never occurred, for no lawful purpose, without probable cause and without a warrant first having been obtained and issued by a court of competent jurisdiction.

25. Plaintiff is further informed, believes and, thereon, alleges that Defendants, their successors, agents, assigns, employees and a sizeable number of the persons acting in concert and participation with them, have sufficient

contact with this district generally and in particular with
the events, acts and omissions alleged herein.

_____
Signature

August 4, 2017
Date